## St. Paul's Evangelical Lutheran Church *v.* Gray.

*Vendor and vendee—Marketable title—Trust and trustees.*

Land was conveyed by a deed to a clergyman in trust "for the sole use,
benefit and behoof of any Evangelical Lutheran Church and school which
might be thereafter established." It was also provided in the deed that on
the establishment of said church and school the trustee, his heirs and as-
signs, should convey the land to the Evangelical Lutheran Church or their
trustees, or other legal representatives, and their successors. The trustee
died without having made any conveyance of the land, and his son was
appointed successor in the trust. Subsequently the son obtained an order
from the court of common pleas directing him to convey the land to an
Evangelical Lutheran Church which had been established in the borough
where the land was situated. In pursuance of the order the substituted
trustee conveyed the land to the church mentioned in the order. Subse-
quently the church was authorized by an order of court to sell the land.
*Held,* that the church had a good marketable title to the land, and that the
original grantors and their heirs or representatives had no interest in the
land.

Argued Oct. 31, 1900. Appeal, No. 165, Oct. T., 1900, by
defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T.,
1900, No. 436, on case stated in suit of St. Paul's Evangelical
Lutheran Church v. Earl P. Gray. Before McCollum, C. J.,
Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Af-
firmed.

Case stated to determine the marketable title to land which
the plaintiff had agreed to sell to defendant.

In addition to the facts stated in the opinion of the Supreme
Court, it appeared from the case stated that the plaintiff, the
St. Paul's Evangelical Lutheran Church, was established in the

borough of Wilkinsburg where the land was situated. It also appeared that the plaintiff was authorized to make the sale to defendant by an order of the court of common pleas.

The court entered judgment in favor of plaintiff for $3,200 to be satisfied by plaintiff accepting a deed for the land, and making payment of said sum.

*Error assigned* was the judgment of the court.

*Thomas S. Brown,* with him *William G. Stewart,* for appellant, cited : Burton's App., 57 Pa. 220 ; Pickle v. McKissick, 21 Pa. 232 ; Kirk v. King, 3 Pa. 436 ; Martin v. McCord, 5 Watts, 493 ; Wright v. Linn, 9 Pa. 435 ; Holmes v. Woods, 168 Pa. 530 ; Mitchell v. Steinmetz, 97 Pa. 251 ; Nicol v. Carr, 35 Pa. 381 ; Swain v. Fidelity Ins. Co., 54 Pa. 455 ; Doebler's App., 64 Pa. 9 ; Swayne v. Lyon, 67 Pa. 439 ; Ludwick v. Huntzinger, 5 W. & S. 54 ; Gumberger v. Clippinger, 5 W. & S. 311 ; Colwell v. Hamilton, 10 Watts, 413 ; Speakman v. Forepaugh, 44 Pa. 362.

*A. W. Duff,* with him *H. E. Carmack,* for appellee.—The deed is a fee simple deed and leaves absolutely no reversion in the grantors. It was not therefore necessary to make them parties to the application for an order to sell said lot of ground : Brendle v. German Reformed Congregation, 33 Pa. 415 ; McKissick v. Pickle, 16 Pa. 140 ; Griffiths v. Cope, 17 Pa. 96 ; Barr v. Weld, 24 Pa. 86 ; Petition of Sellers M. E. Church, 139 Pa. 67 ; United Presbyterian Church's Petition, 166 Pa. 43.

PER CURIAM, January 7, 1901 :

This is a case stated to determine whether the plaintiff has a valid and marketable title to the land which Henry Reis and Robert Curling, by their deed dated July 14, 1852, conveyed to Rev. William A. Passavant in trust "for the sole use, benefit and behoof of any Evangelical Lutheran Church and school which might be thereafter established." It was also provided therein that on the establishment of said church and school said Passavant his heirs and assigns should execute and deliver a deed of said land to the Evangelical Lutheran Church or their trustees or other legal representatives and their succes-

sors. Rev. William A. Passavant died on June 3, 1894, without having made any conveyance of said land. On January 23, 1897, his son William was appointed trustee by the court of common pleas No. 1, of Allegheny county, who on October 17, 1898, petitioned said court, inter alia, to make an order directing him to convey said land to St. Paul's Evangelical Lutheran Church which is now the plaintiff in said suit. That the plaintiff was the proper party to receive the conveyance of the land from the trustee is undisputed, and that the title obtained by it was a marketable title admits of no question or doubt. We therefore dismiss the assignment of error and affirm the judgment entered by the court below.

Judgment affirmed.